E-FILED
Monday, 26 January, 2026 02:03:13 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| NICO GAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-CV-04193-SLD-RLH |
| | ) | |
| CITY OF ROCK ISLAND; ADAM BRADLEY; | ) | |
| BRIEANNE LONERGAN; ANDREW LAWLER; | ) | |
| THOMAS DANHOF AND BRIAN KOZAK | ) | |

**DEFENDANTS' MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT PURSUANT TO RULE 12(B)(6)**

**NOTICE OF MOTION AND INCORPORATED MEMORANDUM OF LAW**

COMES NOW, Defendants, CITY OF ROCK ISLAND, and the individually named officers, by and through counsel, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, move to dismiss Plaintiff's Complaint in its entirety. The following incorporated Memorandum of Law supports the Motion.

## MEMORANDUM OF LAW

## I. INTRODUCTION

Plaintiff's Complaint converts a lawful police response to a reported shots-fired incident, a brief detention of a reasonable suspect, and subsequent prosecutorial charging decisions into a federal civil rights action. (Doc. #1, ¶¶ 13-20, 25-31).

Plaintiff's allegations establish probable cause for his detention and arrest, confirm the State's Attorney controlled the initiation and continuation of the prosecution, and show that the dismissal of charges resulted from a technical statutory proof issue unrelated to police misconduct. (Doc. #1, ¶¶ 13-20, 25-31, 34-37, Doc. # 1-1, p.6). Plaintiff does not allege

fabrication of evidence, false statements to prosecutors, or any trial-based deprivation of liberty. (Doc. #1, ¶¶ 50-54).

Plaintiff attempts to reframe disputes over evidence handling and responses to Illinois Freedom of Information Act ("FOIA") requests as constitutional violations, even though those matters are governed by settled due process principles and state law and do not implicate federal rights. *Id.* at ¶¶ 20-24, 38-45). He likewise fails to plead any underlying constitutional violation, any municipal policy or custom, or any basis for Monell liability. (Doc. ¶¶ 55-60).

Because the Complaint pleads lawful police conduct, independent prosecutorial judgment, no fabrication or trial-based deprivation of liberty, and no viable theory of municipal liability, Plaintiff fails to state any plausible federal claim. In any event, Defendants are independently entitled to qualified immunity, and any remaining state-law claims either are time-barred or should not be retained once the federal claims are dismissed. Dismissal at the pleading stage is therefore warranted.

## II. LEGAL STANDARD

A motion to dismiss under 12(b)(6) tests the legal sufficiency of the complaint, and the factual allegations must be enough to raise a right to relief. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). To survive dismissal, a plaintiff must plead sufficient factual matter to state a claim that is plausible on its face. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Courts are not required to accept legal conclusions, conclusory allegations, or formulaic recitations of the elements of a cause of action. *Id.* Importantly to the case at hand, where a complaint's own allegations establish an absolute defense, dismissal is appropriate. *See McCready v. eBay, Inc.,* 453 F.3d 882, 888 (7th Cir. 2006) (*citing Jefferson v. Ambroz,* 90 F.3d 1291, 1296 (7th Cir. 1996).

## III. STATEMENT OF FACTS

1. Plaintiff, Nico Gay, filed this action on October 29, 2025. He asserts claims under 42 U.S.C. § 1983 and Illinois law arising from his arrest, prosecution, and subsequent requests for records from the City of Rock Island. (Doc #1, ¶¶ 1–2).

2. During the early morning hours of October 29, 2023, Rock Island police officers responded to reports of shots fired near The Gathering, a licensed liquor establishment in Rock Island, Illinois. (*Id.* at ¶¶ 13–14).

3. Officers encountered witnesses at the scene who reported that shots had been fired and provided information identifying Plaintiff. (*Id.* at ¶¶ 14–18).

4. Plaintiff was detained while officers investigated the reported shots fired. (*Id.* at ¶¶ 18–20).

5. At the time of the encounter, Plaintiff possessed a valid Firearm Owner's Identification card and a concealed carry license. (*Id.* at ¶ 16).

6. Plaintiff was transported to the Rock Island Police Department and processed in connection with firearm-related offenses. (*Id.* at ¶¶ 23–25).

7. Criminal charges were filed against him through the State's criminal justice process following his arrest. (*Id.* at ¶¶ 25–28).

8. The charges were dismissed, later refiled by the State, and ultimately terminated in Plaintiff's favor on June 3, 2025. (*Id.* at ¶¶ 28-31, 36-37, 53-54).

9. Exhibit 1-1 attached to the Complaint reflects that the charge was for possession of a firearm in a liquor establishment, and the State was unable to establish a statutory predicate related to the establishment's liquor-license classification and revenue requirements. (*Id.* at ¶¶ 34-35; Doc # 1-1, p. 6).

10. During the pendency of the criminal case, Plaintiff submitted FOIA requests for video and related materials. The City produced some records and withheld, or redacted others, pursuant to asserted FOIA exemptions. (Doc # 1, ¶¶ 47-50).

11. The Complaint does not allege that Plaintiff sought review of any FOIA response through the Public Access Counselor or by filing an action in state court. *Id*.

12. Plaintiff asserts that the City's handling of FOIA requests and evidence reflects a failure to train and an unconstitutional policy or practice. (*Id.* at ¶¶ 56-63).

13. The Complaint does not identify any written policy, decision by a final policymaker, or prior similar incident in support of those allegations. *Id.*

## IV. ARGUMENT

### A. Plaintiff Fails to State Any Federal Claim Arising from His Arrest or Prosecution.

Plaintiff's federal claims collapse on the face of the Complaint. Plaintiff's own allegations establish probable cause for his detention and arrest, confirm that the initiation and continuation of the prosecution were controlled by the State's Attorney, and do not support any viable malicious prosecution or unlawful pretrial detention theory. These allegations fall short of stating a plausible federal constitutional claim.

#### *1. The Complaint Establishes Probable Cause as a Matter of Law*

Probable cause exists when officers have reasonably trustworthy information sufficient to warrant a prudent person to believe that an offense has occurred. *See e.g., Beck v. Ohio,* 379 U.S. 89, 91 (1964). The analysis is objective and based on the totality of the circumstances known to officers at the time of the arrest or detention. *See District of Columbia v. Wesby,* 583 U.S. 48, 57 (2018).

The facts pled in the Complaint establish probable cause. Officers responded to a reported shots-fired incident near The Gathering in Rock Island, Illinois. (Doc #1, ¶¶ 13-14). Witnesses at the scene reported that shots had been fired and identified Plaintiff during the investigation. (*Id.* at ¶¶ 15-18). Plaintiff acknowledges that he possessed a firearm at the time of the encounter. (*Id.* at ¶ 16). Plaintiff was detained while officers investigated the reported incident. (*Id.* at ¶¶ 18-20).

Taken together, these allegations describe exactly the kind of circumstances that support probable cause. Officers responding to a shots-fired call are entitled to rely on witness accounts and identifications when detaining a suspect during an active investigation. *See Askew v. City of Chicago,* 440 F.3d 894, 896-97 (7th Cir. 2006). A valid firearm license does not automatically eliminate probable cause when officers have facts suggesting unlawful gun-related activity. *See United States v. Alexander,* No. 22-2802, at 4-5 (7th Cir. Aug. 11, 2023) (slip op.).

Plaintiff alleges that officers possessed video and witness information that he views as exculpatory. (Doc. #1, ¶¶ 20-23). Shots were fired in the alley near the establishment, and Plaintiff was detained as a suspect based on witness identification and his possession of a firearm inside the establishment; later review of video clarified that he was not the individual who discharged the weapon. *Id.* at ¶¶ 13-18, 20-23. Even after that clarification, officers had objectively reasonable grounds to believe Plaintiff had committed a separate firearm-related offense by possessing a loaded firearm inside a liquor establishment in violation of Illinois law.

Probable cause does not require officers to resolve evidentiary conflicts or credit a suspect's interpretation of the evidence. *See Wesby,* 583 U.S. at 57-62. Probable cause does not dissipate merely because officers receive some potentially exculpatory information while other inculpatory facts remain unresolved during an ongoing investigation. Probable cause likewise

does not dissipate simply because one suspected offense is eliminated when other objectively reasonable bases for detention remain under the totality of the circumstances. *See Devenpeck v. Alford*, 543 U.S. 146, 153 (2004). The Complaint as pled establishes probable cause and defeats any Fourth Amendment claim.

*2. The Complaint Confirms That the State's Attorney Made Charging Decisions*

The Complaint independently confirms that the decision to initiate, continue, dismiss, and refile charges vested in the State's Attorney, not the Defendant officers. Plaintiff alleges that criminal charges were filed following his arrest, later dismissed, refiled under a new case number, and terminated in his favor. (Doc. #1, ¶¶ 25-31, 36). Each of these steps reflects the exercise of independent prosecutorial judgment unrelated to the Defendant officers or the City of Rock Island.

The attached exhibit to Plaintiff's Complaint shows that the dismissal stemmed from the State's inability to establish a statutory predicate. (Doc. 1-1, p. 6; Doc. #1, ¶¶ 34-35). That is, the Plaintiff had a firearm in a liquor establishment, but could not prove that the establishment derived its income solely from alcohol sales because it lacked sufficient revenue. *Id.* Probable cause does not require officers to resolve complex statutory classifications or revenue thresholds governing liquor-license offenses at the scene. Therefore, the dismissal was based on legal insufficiency, not police misconduct. A later dismissal on such grounds does not retroactively negate probable cause, and probable cause is an absolute defense for a claim against officers for wrongful arrest. *See Williams v. City of Chicago,* 733 F.3d 749, 756 (7th Cir. 2013). The subsequent inability to prove a statutory revenue element related to the liquor license classification does not undermine the objective facts known to officers at the time of Plaintiff's detention and arrest. *Id.*

Absent allegations that the officers fabricated evidence, knowingly provided false information, or improperly pressured the prosecutor, the State's Attorney's independent charging breaks the causal chain as a matter of law. *Reed v. City of Chicago,* 77 F.3d 1049, 1053 (7th Cir. 1996); *Ray v. City of Chicago*, 629 F.3d 660, 664-65 (7th Cir. 2011). Plaintiff does not allege that any Defendant officer fabricated evidence or provided false statements to the prosecutor. (Compl. ¶¶ 50-54). Nor does he allege that any officer exercised control over the decision to file, dismiss, or refile charges. To the contrary, the Complaint acknowledges that the State made those decisions, which breaks the causal chain as a matter of law.

3. *Plaintiff's Allegations Do Not State a Malicious Prosecution or Unlawful Pretrial Detention Claim*

Even apart from the existence of probable cause and independent prosecutorial judgment, Plaintiff fails to state a malicious prosecution claim under Illinois law or any viable unlawful pretrial detention claim under § 1983. To plead malicious prosecution, a plaintiff must allege that the defendant commenced or continued a criminal prosecution, that the proceeding terminated in the plaintiff's favor, that the defendant lacked probable cause, and that the defendant acted with malice or improper purpose. *See Sneed v. Rybicki,* 146 F.3d 478, 480-81 (7th Cir. 1998).

Although the criminal case terminated in Plaintiff's favor, his own allegations foreclose the remaining elements of the claim. As detailed in Section 1A above, the Complaint establishes probable cause. (Doc. #1, ¶¶ 13-20). Probable cause defeats a malicious prosecution claim under Illinois law, even if the charges are later dismissed. *See Sneed,* 146 F.3d at 480-81. Plaintiff also does not allege malice or an improper purpose. He does not allege that officers fabricated evidence, knowingly provided false information, or acted outside the normal criminal process. (Doc. #1, ¶¶ 28-31, 36-37; Doc. #1-1, p. 6). Instead, the Complaint acknowledges that charging

decisions were made by the State's Attorney and that dismissal resulted from a statutory proof issue rather than a finding of police misconduct. *Id.*

Plaintiff's allegations fail as a matter of Illinois law. To the extent he attempts to repackage that same theory as a federal claim under § 1983, it is barred by settled Seventh Circuit precedent. Malicious prosecution is not a freestanding constitutional tort where state law provides an adequate remedy. *See Newsome v. McCabe,* 256 F.3d 747, 751 (7th Cir. 2001). Plaintiff's allegations, therefore, cannot support a federal malicious prosecution claim.

These same deficiencies independently foreclose any attempt to repackage Plaintiff's allegations as an unlawful pretrial detention claim. *See Manuel v. City of Joliet,* 580 U.S. 357 (2017). To plead such a claim, a plaintiff must plead that officers knowingly supplied false information or fabricated evidence to justify continued detention. *Lewis v. City of Chicago,* 914 F.3d 472, 479 (7th Cir. 2019). Plaintiff does not allege fabrication, false statements, or prosecutorial manipulation. (Doc. #1, ¶¶ 50-54).

**B. <u>Plaintiff's Evidence-Handling Allegations Do Not Give Rise to a Due Process Claim or Municipal Liability.</u>**

Plaintiff next attempts to reframe disputes over the handling and disclosure of video and witness evidence as an independent constitutional due process violation, but those allegations do not state a claim as a matter of law and cannot support municipal liability. (*Id.* at ¶¶ 20-23, 37-45).

*1. Alleged Negligent or Delayed Evidence Handling Does Not Implicate Due Process*

Plaintiff alleges that officers possessed body-worn camera footage and witness-recorded video that he characterizes as exculpatory and that this information was not provided in the manner or timeframe he contends was appropriate. *Id.* The Seventh Circuit has repeatedly held that disputes over evidence handling, delayed disclosure, or disagreements over the evidentiary

value of materials do not constitute a constitutional violation. *See e.g., Alexander v. McKinney,* 692 F.3d 553, 557-58 (7th Cir. 2012); *Saunders-El v. Rohde,* 778 F.3d 556, 561 (7th Cir. 2015); *McCann v. Mangialardi,* 337 F.3d 782, 786-87 (7th Cir. 2003).

Plaintiff alleges delayed disclosure of body-worn camera footage and witness-recorded video, as well as a failure to preserve evidence he views as exculpatory. (Doc. #1, ¶¶ 20-23, 37-45). At most, these allegations describe delayed disclosure or negligent handling of evidence. They do not allege intentional destruction of evidence, deliberate concealment, or fabrication of evidence.

Even accepting Plaintiff's allegations as accurate, disputes over the timing or completeness of evidence production are not constitutional violations. Ordinary failures do not implicate due process in evidence handling where the plaintiff was never convicted and never subjected to a trial-based deprivation of liberty. *See Alexander,* 692 F.3d at 560; *Saunders-El*, 778 F.3d at 561. Moreover, Brady obligations attach to prosecutors, not investigative officers, and only give rise to constitutional claims when a conviction results. *See Carvajal v. Dominguez,* 542 F.3d 561, 566-67 (7th Cir. 2008).

Because Plaintiff has not plausibly alleged a due process violation, his evidence-handling allegations cannot support either individual or municipal liability. *See City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986).

2. *Plaintiff Does Not Allege Fabrication of Evidence or Any Trial-Based Deprivation of Liberty*

Even if Plaintiff were attempting to allege a fabrication-of-evidence claim, his allegations fall far short of the governing standard. A fabrication claim requires allegations that an officer knowingly manufactured false evidence or deliberately falsified evidence that was later used to

deprive the plaintiff of liberty. *See e.g., Whitlock v. Brueggemann,* 682 F.3d 567, 580 (7th Cir. 2012); *Fields v. Wharrie,* 740 F.3d 1107, 1110-11 (7th Cir. 2014).

Plaintiff does not allege that any Defendant altered, manufactured, or falsified video footage, witness statements, or physical evidence. (Doc. #1, ¶¶ 20-23, 37-45, 50-54). At most, he alleges disagreement over how evidence was interpreted and when it was produced. This does not state a fabrication-of-evidence claim as a matter of law.

Moreover, Plaintiff does not allege that he was convicted or that he was subjected to a trial-based deprivation of liberty. Instead, the Complaint acknowledges that the criminal charge was dismissed, later refiled by the State's Attorney, and terminated in his favor. (*Id.* at ¶¶ 28-31, 36-37, 53-54). Absent a conviction or trial-based deprivation of liberty, evidence handling disputes do not give rise to a due process claim. *See McCann v. Mangialardi,* 337 F.3d 782, 786-87 (7th Cir. 2003) (explaining that Brady-type claims require a conviction); *Carvajal v. Dominguez,* 542 F.3d 561, 566-67 (7th Cir. 2008) (officers only required to turn over evidence to prosecutors).

As Plaintiff does not plausibly allege fabrication of evidence or any trial-based deprivation of liberty, his evidence-handling allegations cannot support municipal liability. *See City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986).

### C. <u>Plaintiff's FOIA Allegations Do Not Implicate Any Federal Constitutional Right</u>

Plaintiff likewise attempts to reframe disputes over access to records under FOIA as a federal constitutional claim. (Doc. #1, ¶¶ 37-39). He alleges that Defendant failed to produce certain records, withheld others, and asserted exemptions with which he disagreed. *Id.* These allegations do not state a federal claim.

Illinois FOIA provides exclusive remedies for individuals who believe a public body has improperly responded to a records request. Those remedies include review by the Public Access Counselor or filing an action in state court. 5 ILCS 140/9.5, 140/11.

Alleged violations of the Illinois Freedom of Information Act do not implicate any constitutional right and therefore are not actionable under § 1983, because a state-created procedural right is not itself a protected liberty or property interest, and a violation of state law does not violate the Constitution. *See Archie v. City of Racine,* 847 F.2d 1211, 1218-19 (7th Cir. 1988) (explaining that a violation of a state statute is not a violation of the Constitution).

Plaintiff's attempts to repackage alleged FOIA violations as due process claims fail as a matter of law. Illinois FOIA does not create a liberty or property interest protected by the Fourteenth Amendment, and alleged noncompliance with FOIA, standing alone, does not support a procedural or substantive due process claim.

**D. Plaintiff Fails to Plead Any Basis for Municipal Liability Under Monell**

Having failed to plead an underlying constitutional violation, Plaintiff seeks to impose liability under *Monell,* but the Complaint does not allege any constitutional violation, policy, custom, or practice sufficient to support such a claim. *Monell v. Department of Social Services,* 436 U.S. 658 (1978).

*1. Plaintiff Has Not Alleged an Underlying Constitutional Violation*

Municipal liability under *Monell* requires an underlying constitutional violation. *Id. See also City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986). Where a plaintiff fails to plausibly allege that his constitutional rights were violated, a *Monell* claim necessarily fails. As discussed in Section A, the Complaint pleads facts establishing probable cause for Plaintiff's detention and arrest. Officers responded to a reported shots-fired incident, received witness identification,

encountered Plaintiff in possession of a firearm, and detained him during an active investigation. (Doc. #1, ¶¶ 13-20). These allegations foreclose any Fourth Amendment claim.

Plaintiff also fails to allege a Fourteenth Amendment Violation. As discussed in Section B, he does not allege fabrication of evidence, the knowing use of false evidence, or any conviction or trial-based deprivation of liberty. (*Id.* at ¶¶ 50-54). His allegations concerning evidence handling and delayed disclosure reflect disagreement with investigative decisions and the timing or scope of production, not conduct that implicates due process under settled Seventh Circuit precedent.

Nor does Plaintiff allege facts showing that Defendants caused the prosecution itself. To the contrary, the Complaint confirms the charging decisions were made by the State's Attorney, including the decision to dismiss and later refile the charge. (*Id.* at ¶¶ 28-31, 36-37; Doc. #1-1, p. 6). Absent allegations that officers fabricated evidence or improperly influenced the prosecutor, independent prosecutorial judgment breaks the causal chain as a matter of law.

Because Plaintiff has failed to allege any underlying constitutional violation, his *Monell* claim fails at the threshold and must be dismissed. *Heller,* 475 U.S. at 799; *Sallenger v. City of Springfield,* 630 F.3d 499, 505 (7th Cir. 2010).

2. *Plaintiff Fails to Plead a Municipal Policy, Custom, or Deliberate Indifference.*

Even if Plaintiff had alleged an underlying constitutional violation, his *Monell* claim would still fail because he does not identify a municipal policy, custom, or decision by a final policymaker that caused the alleged deprivation. Plaintiff alleges, in conclusory fashion, that the City failed to train its officers and maintained unconstitutional practices regarding evidence handling and FOIA compliance. (Doc. #1, ¶¶ 56-63). He does not identify any written policy, ordinance, direction, or decision attributable to a final policymaker. He also does not allege who

the final policymaker is for *Monell* purposes or facts showing that any challenged decision was attributable to such an official.

Plaintiff also does not allege facts showing a widespread practice or custom. A *Monell* claim based on custom requires allegations of a pattern of similar constitutional violations that are so persistent and widespread as to constitute a de facto policy. *See McCauley v. City of Chicago,* 671 F.3d 611, 616-18 (7th Cir. 2011); *Thomas v. Cook County Sheriff's Dep't,* 604 F.3d 293, 303 (7th Cir. 2010). Plaintiff alleges only his own experience. Allegations of a single incident are insufficient to state a *Monell* claim. *See Grieveson v. Anderson,* 538 F.3d 763, 774 (7th Cir. 2008).

Plaintiff further fails to plead causation. *Monell* liability requires that a municipal policy or custom be the "moving force" behind the alleged constitutional violation. *Board of County Commissioners v. Brown,* 520 U.S. 397, 404 (1997). Plaintiff does not allege facts showing that any training deficiency, evidence handling practice, or FOIA policy caused his detention, prosecution, or alleged injuries. His *Monell* theory rests on his disagreement with investigative and prosecutorial decisions rather than factual allegations linking any municipal policy to a constitutional deprivation. That is insufficient as a matter of law. *See Glisson v. Indiana Department of Correction,* 849 F.3d 372, 379 (7th Cir. 2017).

Plaintiff also fails to allege deliberate indifference. Deliberate indifference requires factual allegations showing that the municipality was on notice of a pattern of constitutional violations and consciously disregarded that risk. *See Connick v. Thompson,* 563 U.S. 51, 61-62 (2011). Plaintiff does not allege prior lawsuits, complaints, disciplinary findings, or other incidents that would have placed the City on notice. His *Monell* allegations instead attempt to

bootstrap municipal liability from his claims against individual officers, which the Seventh Circuit has repeatedly rejected. *Sallenger,* 630 F.3d at 505; *Heller,* 475 U.S. at 799.

In short, Plaintiff pleads no underlying constitutional violation, no municipal policy or custom, no causation, and no deliberate indifference. His *Monell* claim, therefore, fails as a matter of law and must be dismissed.

### E. Qualified Immunity and the Absence of any Underlying Constitutional Violation Independently Require Dismissal.

Even if the Court concludes that the Complaint states a debatable constitutional claim, Defendants are independently entitled to qualified immunity. This case involves a confirmed shooting, a reasonable suspect identified with a firearm, and a brief detention during an evolving investigation that ultimately cleared Plaintiff. (Doc. # 1, ¶¶ 13-20, 28-31). Qualified immunity shields officers from civil liability unless the plaintiff shows that the official violated a constitutional right that was clearly established at the time of the alleged conduct. *See Pearson v. Callahan,* 555 U.S. 223, 231 (2009). The doctrine protects "all but the plainly incompetent or those who knowingly violate the law." *See Malley v. Briggs,* 475 U.S. 335, 341 (1986).

The pleaded facts show probable cause, independent prosecutorial decision-making, and no fabrication of evidence, false statements, or any trial-based deprivation of liberty. (Doc. #1, ¶¶ 13-25). Plaintiff does not identify any clearly established law requiring officers in these circumstances to immediately credit a suspect's interpretation of video evidence, to resolve disputed evidentiary issues in the suspect's favor, or to determine whether the State would be able to prove every statutory element of a firearm-related offense. To the contrary, officers are entitled to act on reasonable interpretations of the facts and are not required to anticipate how courts will later evaluate the sufficiency of the evidence. *See e.g., District of Columbia v. Wesby,*

583 U.S. 48, 67-68 (2018); *Humphrey v. Staszak,* 148 F.3d 719, 726 (7th Cir. 1998); *Askew v. City of Chicago,* 440 F.3d 894, 896-97 (7th Cir. 2006).

Plaintiff also does not allege conduct that would have placed officers on notice that their actions violated clearly established law. The Complaint acknowledges that the criminal charge was dismissed and later refiled by the State's Attorney, reinforcing that legal sufficiency determinations were made by prosecutors and courts, not by Defendant officers. (Doc. #1 ¶¶ 28-31, 36-37; Doc. #1-1, p. 6). Officers are entitled to rely on witness statements, investigative facts, and the prosecutor's independent charging decisions to resolve legal and statutory questions. *See Reed v. City of Chicago,* 77 F.3d 1049, 1053 (7th Cir. 1996). As reasonable officers could conclude that their conduct was lawful under the circumstances alleged, qualified immunity independently requires dismissal.

For the same reasons, Plaintiff's failure-to-intervene claim also fails as a matter of law. An officer may be liable for failing to intervene only if another officer violated the Plaintiff's constitutional rights and the officer had a realistic opportunity to prevent that harm. *See Yang v. Hardin,* 37 F.3d 282, 285 (7th Cir. 1994). As previously discussed, Plaintiff has not plausibly alleged any underlying Fourth or Fourteenth Amendment violation. Because Plaintiff has not alleged an underlying constitutional violation, his failure-to-intervene claim necessarily fails and must be dismissed.

Because the Complaint pleads probable cause, the State's exercise of prosecutorial judgment, and no fabrication of evidence, false statements, or trial-based deprivation of liberty, neither a direct constitutional claim nor a failure-to-intervene claim can survive dismissal. (Doc. #1, ¶¶ 13-20, 28-31, 36-37, 50-54).

### F. <u>Plaintiff's State Law Claims Either Are Time-Barred or Otherwise Fail on the Merits and Should Not Be Retained.</u>

Plaintiff also asserts claims arising under Illinois law. To the extent Plaintiff attempts to assert state-law claims for false arrest, false imprisonment, negligence, or other torts arising from his detention or arrests, those claims are subject to a one-year statute of limitations under the Illinois Local Governmental and Governmental Employees Tort Immunity Act. 745 ILCS 10/8-101(a). Under Illinois law, these claims accrue at the time of the arrest or when the plaintiff is detained.

Plaintiff alleges that the events giving rise to this arrest occurred on October 29, 2023. (Doc. #1, ¶¶ 13-25). He did not file his action until October 29, 2025. Any state-law claims for false arrest, false imprisonment, negligence, or detention-based torts are therefore time-barred as a matter of law.

Plaintiff's state-law malicious prosecution claim fails on the merits for the same reasons discussed in Section A. Plaintiff's Complaint establishes probable cause, confirms independent prosecutorial judgment, and does not plausibly allege malice or improper purpose. Accordingly, even if timely, Plaintiff fails to state a viable malicious prosecution claim under Illinois law. *See Sneed v. Rybicki,* 146 F.3d 478, 480 (7th Cir. 1998)

In any event, because Plaintiff fails to state any viable federal claim, the Court should decline to exercise supplemental jurisdiction over any remaining state-law claims pursuant to 28 U.S.C. § 1367(c)(3). The Seventh Circuit has repeatedly instructed that when all federal claims are dismissed at the pleading stage, the appropriate course is to relinquish jurisdiction over state-law claims. *See Wright v. Associated Ins. Cos.,* 29 F.3d 1244, 1251 (7th Cir. 1994).

## V. CONCLUSION

Plaintiff's Complaint describes a lawful police response to a confirmed shooting, a brief detention of a reasonable suspect, and a subsequent charging and dismissal decision made by the State's Attorney. His own allegations establish probable cause, confirm independent prosecutorial judgment, and do not allege fabrication of evidence, false statements, or any trial-based deprivation of liberty.

Plaintiff's attempts to reframe disputes over evidence handling and responses to FOIA requests as federal constitutional violations fail as a matter of law. He likewise fails to plead any basis for municipal liability, and even if any close constitutional question were presented, Defendants are independently entitled to qualified immunity. Because the Complaint fails to state any plausible federal claim, and because any remaining state-law claims are either time-barred or should not be retained once the federal claims are dismissed, Defendants respectfully request that the Court dismiss the Complaint in its entirety with prejudice.

WHEREFORE, Defendants, CITY OF ROCK ISLAND, and the individually named officers, pray that this Court enter judgment in their favor and against the Plaintiff.

CITY OF ROCK ISLAND; ADAM BRADLEY;
BRIEANNE LONERGAN; ANDREW LAWLER;
THOMAS DANHOF AND BRIAN KOZAK

By: ***/s/ Leslie M. Day***

Leslie M. Day ARDC #6308552
City Attorney, City of Rock Island
Attorney for Defendants
1528 3rd Avenue
Rock Island, IL 61201
Phone: (309) 732-2007
Email: day.leslie@rigov.org

**CERTIFICATE OF COMPLIANCE**

Pursuant to Central District of Illinois Local Rule 7.1(B)(4), the undersigned certifies that this Memorandum of Law in Support of Defendants' Motion to Dismiss contains approximately 4,885 words, as calculated by the word-count feature of Microsoft Word.

CITY OF ROCK ISLAND; ADAM BRADLEY;
BRIEANNE LONERGAN; ANDREW LAWLER;
THOMAS DANHOF AND BRIAN KOZAK

By: ***/s/ Leslie M. Day***

Leslie M. Day ARDC #6308552
City Attorney, City of Rock Island
Attorney for Defendants
1528 3rd Avenue
Rock Island, IL 61201
Phone: (309) 732-2007
Email: day.leslie@rigov.org

**PROOF OF SERVICE**

I hereby certify that on January 26, 2026, I electronically filed the foregoing with the Clerk of the Court and sent the foregoing document to the following by regular US Mail and electronic mail:

Nico Gay
1841 13th Street
Moline, IL 61265
Nico.gay.ng1@gmail.com

***/s/ Leslie M. Day***

Leslie M. Day ARDC #6308552
City Attorney, City of Rock Island
Attorney for Defendants
1528 3rd Avenue
Rock Island, IL 61201
Phone: (309) 732-2007
Email: day.leslie@rigov.org