E-FILED
Monday, 23 February, 2026 10:42:19 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| NICO GAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-CV-04193-SLD-RLH |
| | ) | |
| CITY OF ROCK ISLAND; ADAM BRADLEY; | ) | |
| BRIEANNE LONERGAN; ANDREW LAWLER; | ) | |
| THOMAS DANHOF AND BRIAN KOZAK | ) | |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT PURSUANT TO RULE 12(B)(6)**

**NOTICE OF MOTION AND INCORPORATED MEMORANDUM OF LAW**

COMES NOW, Defendants, CITY OF ROCK ISLAND, and the individually named officers, by and through counsel, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, move to dismiss Plaintiff's Amended Complaint in its entirety. The following incorporated Memorandum of Law supports the Motion.

**MEMORANDUM OF LAW**

## I. INTRODUCTION

Plaintiff's Amended Complaint converts a lawful police response to a reported shots-fired incident, a brief detention of a reasonable suspect, and subsequent prosecutorial charging decisions into a federal civil rights action.

Plaintiff's allegations establish probable cause for his detention and arrest, confirm the State's Attorney controlled the initiation and continuation of the prosecution, and show that the dismissal of charges resulted from a technical statutory proof issue unrelated to police misconduct. Although Plaintiff now attempts to characterize internal officer communications as

"misstatements" or "charge escalation," the Amended Complaint does not plausibly allege that any Defendant knowingly fabricated evidence, conveyed false information to the State's Attorney, or otherwise caused the prosecution to proceed through deception.

Plaintiff attempts to reframe disputes over evidence handling and responses to Illinois Freedom of Information Act ("FOIA") requests as constitutional violations, even though those matters are governed by settled due process principles and state law and do not implicate federal rights. He likewise fails to plead any underlying constitutional violation, any municipal policy or custom, or any basis for Monell liability.

Because the Amended Complaint pleads lawful police conduct, independent prosecutorial judgment, no fabrication or trial-based deprivation of liberty, and no viable theory of municipal liability, Plaintiff fails to state any plausible federal claim. In any event, Defendants are independently entitled to qualified immunity, and any remaining state-law claims either are time-barred or should not be retained once the federal claims are dismissed. Dismissal at the pleading stage is therefore warranted.

## II. LEGAL STANDARD

A motion to dismiss under 12(b)(6) tests the legal sufficiency of the complaint, and the factual allegations must be enough to raise a right to relief. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). To survive dismissal, a plaintiff must plead sufficient factual matter to state a claim that is plausible on its face. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Courts are not required to accept legal conclusions, conclusory allegations, or formulaic recitations of the elements of a cause of action. *Id.* Importantly to the case at hand, where a complaint's own allegations establish an absolute defense, dismissal is appropriate. *See McCready v. eBay, Inc.,* 453 F.3d 882, 888 (7th Cir. 2006) (*citing Jefferson v. Ambroz,* 90 F.3d 1291, 1296 (7th Cir. 1996).

## III. STATEMENT OF FACTS

1. Plaintiff, Nico Gay, filed this action on October 29, 2025. (Doc. # 1). Defendants, City of Rock Island, and individually named officers, filed their Motion to Dismiss on January 26, 2025. (Doc. #7).

2. On February 9, 2026, Plaintiff, Nico Gay, filed his Amended Complaint asserting claims under 42 U.S.C. § 1983 and Illinois law arising from his arrest, prosecution, and subsequent requests for records from the City of Rock Island. (Doc. # 15).

3. In the early morning hours of October 29, 2023, Rock Island police officers responded to reports of shots fired near The Gathering, a licensed liquor establishment in Rock Island, Illinois. (Doc. # 15, ¶¶ 15-22).

4. Witnesses reported that shots had been fired and provided suspect descriptions to responding officers. *Id.* at ¶¶ 19-23.

5. During the investigations, officers observed Plaintiff in the vicinity of the reported shooting, and witnesses identified Plaintiff as a person who had been present near the scene who possessed a firearm. *Id.* at ¶¶ 19-30, 109-11).

6. Plaintiff acknowledges that he possessed a firearm at the time of the encounter and that officers detained him while investigating the reported incident. *Id.* at ¶¶ 31-33, 41).

7. Officers reviewed witness statements, video footage, and other investigative materials during the course of the investigation, including images depicting Plaintiff holding a firearm near the time shots were reported. *Id.* at ¶¶ 29-31, 109-112, 141-142.

8. The Amended Complaint includes detailed time-stamped descriptions of body-worn camera footage and internal officer communications during the evolving investigation. *Id.*

at ¶¶ 37-75. However, the pleading does not allege that any Defendant knowingly conveyed false information to the prosecutor or that any charging decision was based on fabricated evidence.

9. Plaintiff alleges that a later review of certain video evidence indicated that he was not the individual who discharged the firearm. *Id.* at ¶¶ 47, 109-113.

10. Plaintiff was arrested and charged following the incident, and the State's Attorney later dismissed the original charge, refiled charges, and ultimately dismissed the case. *Id.* at ¶¶ 84-97.

11. The Amended Complaint acknowledges that charging decisions were made by the State's Attorney during the course of the criminal proceedings. *Id.*

12. Exhibit B3 attached to the Amended Complaint reflects that the charge was for possession of a firearm in a liquor establishment, and the State was unable to establish a statutory predicate related to the establishment's liquor-license classification and revenue requirements. (Doc. # 15, Ex. B3).

13. Plaintiff also alleges that officers possessed or reviewed body-worn camera footage, witness-recorded video, and other investigative materials during the investigation, and that certain evidence was not disclosed or preserved in the manner or timeframe Plaintiff believed appropriate. (Doc. # 15, ¶¶ 37-45, 98-107).

14. During the pendency of the criminal case, Plaintiff submitted FOIA requests for video and related materials. The City produced some records and withheld, or redacted others, pursuant to asserted FOIA exemptions. *Id.* at ¶¶ 98-107.

15. The Amended Complaint does not allege that Plaintiff sought review of any FOIA response through the Public Access Counselor or by filing an action in state court. *Id.*

16. Plaintiff brings this action asserting claims under 42 U.S.C. § 1983 and related state-law theories arising from his detention, the subsequent criminal proceedings, and the alleged handling of investigative evidence. *Id.* ¶¶ 1-6, 167-215).

## IV. ARGUMENT

### A. Plaintiff Fails to State Any Federal Claim

Plaintiff's federal claims collapse on the face of the Amended Complaint. The Amended Complaint describes a confirmed shooting, witness identification of Plaintiff as a suspect, and a brief detention during an active and evolving investigation. (Doc. #15, ¶¶ 15-33, 41-42). Plaintiff's own allegations establish probable cause for his detention and arrest, confirm that the initiation and continuation of the prosecution were controlled by the State's Attorney, and do not support any viable malicious prosecution or unlawful pretrial detention theory. *Id.* at ¶¶ 84-97.

Plaintiff's theory depends on the premise that officers knowingly fabricated evidence or caused charges to proceed through deception. The Amended Complaint does not plausibly allege that any Defendant falsified reports, conveyed material falsehoods to the State's Attorney, or otherwise initiated or continued a prosecution through deliberate misconduct. *Id.* It instead describes an evolving investigation followed by prosecutorial charging decisions. These allegations fail to state a plausible federal constitutional claim, and dismissal is required.

#### 1. *The Amended Complaint Establishes Probable Cause as a Matter of Law*

Probable cause exists when officers have reasonably trustworthy information sufficient to warrant a prudent person to believe that an offense has occurred. *See e.g., Beck v. Ohio,* 379 U.S. 89, 91 (1964). The analysis is objective and based on the totality of the circumstances known to officers at the time of the arrest or detention. *See District of Columbia v. Wesby,* 583 U.S. 48, 57 (2018).

The Amended Complaint itself establishes probable cause. Officers responded to a reported shots-fired incident near The Gathering in Rock Island, Illinois. (Doc. #15, ¶¶ 15-18). Witnesses at the scene reported that shots had been fired and identified Plaintiff during the investigation. *Id.* at ¶¶ 19-30, 109-111. Plaintiff acknowledges that he possessed a firearm at the time of the encounter, and that Plaintiff was detained while officers investigated the reported incident. *Id.* at ¶¶ 31-33, 41. Taken together, these allegations describe exactly the kind of circumstances that support probable cause. *See Askew v. City of Chicago,* 440 F.3d 894, 896-97 (7th Cir. 2006) (officers responding to a shots-fired call are entitled to rely on witness accounts and identifications when detaining a suspect during an active investigation.) These facts independently supported probable cause to detain and arrest Plaintiff in connection with the reported shooting investigation.

Plaintiff attempts to avoid this conclusion by alleging that officers later viewed video footage suggesting that he was not the individual who discharged the weapon. (Doc. #15, ¶¶ 47, 109-113). Even accepting that allegation as true, it does not defeat probable cause. Probable cause does not require officers to resolve evidentiary conflicts or credit a suspect's interpretation of the evidence. *See Wesby,* 583 U.S. at 57-62. Nor does probable cause dissipate merely because officers receive potentially exculpatory information while other reasonable bases for detention remain under investigation. *See BeVier v. Hucal*, 806 F.2d 123, 128 (7th Cir. 1986).

Importantly, the Amended Complaint alleges facts establishing that probable cause to believe Plaintiff had committed separate firearm-related offenses arising from his possession of a firearm inside a liquor establishment during the investigation. (Doc. #15, ¶¶ 31-33, 41, 84-97). Courts have repeatedly recognized that the presence of a firearm in a regulated location or under circumstances suggesting unlawful gun-related activity may independently support probable

cause, even where the suspect claims lawful possession. *See United States v. Alexander,* No. 22-2802, slip op at 4-5 (7th Cir. Aug. 11, 2023). Probable cause does not dissipate simply because one suspected offense is eliminated when other objectively reasonable bases for detention remain under the totality of the circumstances. *See Devenpeck v. Alford*, 543 U.S. 146, 153 (2004). Under *Devenpeck,* the validity of an arrest does not depend on whether the offense ultimately charged matches the offense originally contemplated; the existence of probable cause for any offense defeats a Fourth Amendment claim. *Id.*

The Amended Complaint establishes probable cause at the time of arrest and forecloses any Fourth Amendment claim based on the initial detention. (Doc. #15, ¶¶ 15-30, 109-11).

*2. Probable Cause Did Not Dissipate During the Investigation*

Plaintiff attempts to argue that probable cause dissipated after officers reviewed certain witness-recorded video that he contends showed he did not discharge a firearm. (Doc. #15, ¶¶ 47, 109-113). That allegation fails as a matter of law. Probable cause does not evaporate merely because officers receive some potentially exculpatory information during an ongoing and evolving investigation. *See BeVier v. Hucal*, 806 F.2d 123, 128 (7th Cir. 1986). Nor are officers required to conclusively resolve conflicting witness accounts or eliminate all ambiguity before making an arrest. *See District of Columbia v. Wesby*, 583 U.S. 48, 57-62 (2018). The Fourth Amendment requires only a probability or substantial chance of criminal activity, not certainty. Even assuming that probable cause to arrest for aggravated discharge weakened as the investigation evolved, the independent basis for arrest arising from Plaintiff's armed presence inside a licensed liquor establishment remained intact.

Here, the Amended Complaint alleges that officers were responding to a confirmed shots-fired incident in a downtown area, that multiple witnesses identified an armed individual associated with the scene, that Plaintiff was present with a firearm near the time and location of

the reported gunfire, and that the investigation was ongoing when the arrest decision was made. (Doc. # 15, ¶¶ 15-33, 41, 109-111). Even accepting Plaintiff's allegation that the later video reviewed suggested that he did not fire the weapon, officers still possessed objectively reasonable grounds to believe Plaintiff had committed firearm-related offenses arising from his armed presence inside a licensed liquor establishment during the investigation. The Fourth Amendment does not require officers to conduct on-scene revenue audits, verify statutory income thresholds, or resolve complex liquor-license classifications before making an arrest. A reasonable mistake of fact or law does not defeat probable cause, and such mistakes are protected under qualified immunity. *See Heien v. North Carolina,* 574 U.S. 54, 61-66 (2014). The Amended Complaint does not plausibly allege that probable cause dissipated prior to Plaintiff's arrest or charging, and his Fourth Amendment claim fails as a matter of law.

*3. The Amended Complaint Confirms That the State's Attorney Made Charging Decisions*

The Amended Complaint independently confirms that the decision to initiate, continue, dismiss, and refile charges vested in the State's Attorney, not the Defendant officers. Plaintiff alleges that criminal charges were filed following his arrest, later dismissed, refiled under a new case number, and terminated in his favor. (Doc. #15, ¶¶ 84-97.) Each of these steps reflects the exercise of independent prosecutorial judgment unrelated to the Defendant officers or the City of Rock Island.

The attached exhibit to Plaintiff's Amended Complaint shows that the dismissal stemmed from the State's inability to establish a statutory predicate related to the establishment's liquor-license classification and revenue requirements. (Doc. #15, Ex. B3). That basis for dismissal underscores that the charging decisions involved legal determinations made within the prosecutor's office.

Absent plausible allegations that the officers fabricated evidence, knowingly provided false information, or improperly pressured the prosecutor, the State's Attorney's independent charging breaks the causal chain as a matter of law. *Reed v. City of Chicago,* 77 F.3d 1049, 1053 (7th Cir. 1996); *Ray v. City of Chicago*, 629 F.3d 660, 664-65 (7th Cir. 2011). To overcome this presumption of independent prosecutorial judgment, a plaintiff must plead facts showing that the officers knowingly misrepresented material facts or withheld exculpatory information that was relied upon by the prosecutor in bringing or maintaining charges.

Although Plaintiff characterizes certain internal communications among officers as "misstatements" or suggests that investigative conclusions evolved over time, the pleading does not identify any specific false statement that was conveyed to the State's Attorney, does not allege that any Defendant knowingly fabricated evidence, and does not allege that the prosecutor relied upon a misrepresentation in initiating or continuing a prosecution, and does not allege that officers exercised control over the charging decision. Accordingly, Plaintiff cannot establish the required causal connection between the officers' conduct and the prosecution itself.

4. *Plaintiff's Allegations Do Not State a Malicious Prosecution or Unlawful Pretrial Detention Claim*

Even apart from the existence of probable cause and independent prosecutorial judgment, Plaintiff fails to state a malicious prosecution claim under Illinois law or any viable unlawful pretrial detention claim under § 1983.

To plead malicious prosecution, a plaintiff must allege that the defendant commenced or continued a criminal prosecution, that the proceeding terminated in the plaintiff's favor, that the defendant lacked probable cause, and that the defendant acted with malice or improper purpose. *See Sneed v. Rybicki,* 146 F.3d 478, 480-81 (7th Cir. 1998). Although Plaintiff alleges a favorable termination, his own pleading does not plausibly allege the remaining elements. As detailed in

Section 1A above, the Amended Complaint establishes probable cause. (Doc. #15, ¶¶ 15-33, 41, 109-111). Probable cause defeats a malicious prosecution claim under Illinois law, even if the charges are later dismissed. *See Sneed,* 146 F.3d at 480-81. The Amended Complaint likewise does not plausibly allege malice, but instead describes routine investigative conduct followed by prosecutorial charging decisions. (Doc. #15, ¶¶ 84-97; Ex. B3.)

Plaintiff's allegations fail as a matter of Illinois law. To the extent he attempts to repackage that same theory as a federal claim under § 1983, it is barred by settled Seventh Circuit precedent. Malicious prosecution is not a freestanding constitutional tort where state law provides an adequate remedy. *See Newsome v. McCabe,* 256 F.3d 747, 751 (7th Cir. 2001). Plaintiff's allegations do not transform his state-law theory into a freestanding constitutional tort.

Nor does the Amended Complaint plausibly state an unlawful pretrial detention claim under *Manuel v. City of Joliet,* 580 U.S. 357 (2017). To proceed under *Manuel*, a plaintiff must plead that officers knowingly supplied false information or fabricated evidence to justify continued detention—Lewis *v. City of Chicago,* 914 F.3d 472, 479 (7th Cir. 2019). The Amended Complaint does not allege that any Defendant knowingly fabricated evidence, deliberately misrepresented material facts to the prosecutor, or intentionally prolonged detention after learning that probable cause had dissipated. (Doc. #15, ¶¶ 37-45, 47, 50-54, 109-113). Allegations that officers' conclusions evolved during the investigation or that video evidence was later interpreted differently do not amount to fabrication or constitutional misconduct. Plaintiff's allegations, therefore, fail to satisfy the substantive elements required for malicious prosecution or unlawful pretrial detention.

## B. Plaintiff's Evidence-Handling Allegations Do Not State a Constitutional Claim

Plaintiff next attempts to reframe disputes over the handling and disclosure of video and witness evidence as an independent constitutional due process violation, but those allegations do not state a claim as a matter of law and cannot support municipal liability.

### 1. *Alleged Negligent or Delayed Evidence Handling Is Not a Constitutional Violation*

Plaintiff alleges that officers possessed body-worn camera footage and witness-recorded video that he characterizes as exculpatory and that this information was not provided in the manner or timeframe he contends was appropriate. (Doc. #15, ¶¶ 37-45, 98-107). The Seventh Circuit has repeatedly held that disputes over evidence handling, delayed disclosure, or disagreements over the evidentiary value of materials do not constitute a constitutional violation. *See e.g., Alexander v. McKinney,* 692 F.3d 553, 557-58 (7th Cir. 2012); *Saunders-El v. Rohde,* 778 F.3d 556, 561 (7th Cir. 2015); *McCann v. Mangialardi,* 337 F.3d 782, 786-87 (7th Cir. 2003).

Plaintiff alleges delayed disclosure of body-worn camera footage and witness-recorded video, as well as a failure to preserve evidence he views as exculpatory. (Doc. #15, ¶¶ 37-45, 98-107). At most, these allegations describe delayed disclosure or negligent handling of evidence. They do not allege intentional destruction of evidence, deliberate concealment, or fabrication of evidence. Id.

Even accepting Plaintiff's allegations as accurate, disputes over the timing or completeness of evidence production are not constitutional violations. Ordinary failures do not implicate due process in evidence handling where the plaintiff was never convicted and never subjected to a trial-based deprivation of liberty. *See Alexander,* 692 F.3d at 560; *Saunders-El*, 778 F.3d at 561. Moreover, Brady obligations attach to prosecutors, not investigative officers, and

only give rise to constitutional claims when a conviction results. *See Carvajal v. Dominguez,* 542 F.3d 561, 566-67 (7th Cir. 2008).

Because Plaintiff has not plausibly alleged a due process violation, his evidence-handling allegations cannot support either individual or municipal liability. *See City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986).

2. *Plaintiff Does Not Allege Fabrication of Evidence or Any Trial-Based Deprivation of Liberty*

Even if Plaintiff were attempting to allege a fabrication-of-evidence claim, his allegations fall far short of the governing standard. A fabrication claim requires allegations that an officer knowingly manufactured false evidence or deliberately falsified evidence that was later used to deprive the plaintiff of liberty. *See e.g., Whitlock v. Brueggemann,* 682 F.3d 567, 580 (7th Cir. 2012); *Fields v. Wharrie,* 740 F.3d 1107, 1110-11 (7th Cir. 2014).

Plaintiff does not allege that any Defendant altered, manufactured, or falsified video footage, witness statements, or physical evidence. (Doc. #15, ¶¶ 37-45, 50-54). At most, he alleges disagreement over how evidence was interpreted and when it was produced. *Id.* at ¶¶ 37-45, 98-107). This does not state a fabrication-of-evidence claim as a matter of law.

Moreover, Plaintiff was never convicted or subjected to a trail-based deprivation of liberty. Instead, the Amended Complaint acknowledges that the criminal charge was dismissed, later refiled by the State's Attorney, and terminated in his favor. *Id.* at ¶¶ 84-97). Absent a conviction or trial-based deprivation of liberty, evidence handling disputes do not give rise to a due process claim. *See McCann v. Mangialardi,* 337 F.3d 782, 786-87 (7th Cir. 2003) (explaining that Brady-type claims require a conviction); *Carvajal v. Dominguez,* 542 F.3d 561, 566-67 (7th Cir. 2008) (officers only required to turn over evidence to prosecutors).

As Plaintiff does not plausibly allege fabrication of evidence or any trial-based deprivation of liberty, his evidence-handling allegations cannot support municipal liability. *See City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986).

**C. <u>Plaintiff's FOIA Allegations Do Not Implicate Any Federal Constitutional Right</u>**

Plaintiff likewise attempts to reframe disputes over access to records under FOIA as a federal constitutional claim. He alleges that Defendant failed to produce certain records, withheld others, and asserted exemptions with which he disagreed. (Am. Compl. ¶¶ 98-107, 167-175). These allegations do not state a federal claim.

Illinois FOIA provides exclusive remedies for individuals who believe a public body has improperly responded to a records request. Those remedies include review by the Public Access Counselor or filing an action in state court. 5 ILCS 140/9.5, 140/11.

Alleged violations of the Illinois Freedom of Information Act do not implicate any constitutional right and therefore are not actionable under § 1983, because a state-created procedural right is not itself a protected liberty or property interest, and a violation of state law does not violate the Constitution. *See Archie v. City of Racine,* 847 F.2d 1211, 1218-19 (7th Cir. 1988) (explaining that a violation of a state statute is not a violation of the Constitution).

Plaintiff's attempts to repackage alleged FOIA violations as due process claims fail as a matter of law. Illinois FOIA does not create a liberty or property interest protected by the Fourteenth Amendment, and alleged noncompliance with FOIA, standing alone, does not support a procedural or substantive due process claim. (Doc. #15, ¶¶ 98-107).

**D. <u>Plaintiff Fails to State a Claim for Municipal Liability</u>**

Even as expanded through his Amended Complaint, Plaintiff fails to plead an underlying constitutional violation or any municipal policy, custom, or practice sufficient to support liability under *Monell. See Monell v. Department of Social Services,* 436 U.S. 658 (1978).

*1. Plaintiff Has Not Alleged an Underlying Constitutional Violation*

Municipal liability under *Monell* requires an underlying constitutional violation. *Id. See also City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986). Where a plaintiff fails to plausibly allege that his constitutional rights were violated, a *Monell* claim necessarily fails. As discussed in Section A, the Amended Complaint pleads facts establishing probable cause for Plaintiff's detention and arrest. Officers responded to a reported shots-fired incident, received witness identification, encountered Plaintiff in possession of a firearm, and detained him during an active investigation. (Doc. #15, ¶¶ 15-33, 109-112). These allegations foreclose any Fourth Amendment claim.

Plaintiff also fails to allege a Fourteenth Amendment violation. As discussed in Section B, he does not allege fabrication of evidence, the knowing use of false evidence, or any conviction or trial-based deprivation of liberty. *Id.* at ¶¶ 37-45, 47, 84-97, 141-142). His allegations concerning evidence handling and delayed disclosure reflect disagreement with investigative decisions and the timing or scope of production, but do not implicate due process under settled Seventh Circuit precedent. The additional evidence-handling allegations included in the Amended Complaint likewise do not plausibly allege fabrication of evidence, knowing use of false evidence, or any trial-based deprivation of liberty capable of supporting a constitutional claim. *Id.*

Nor does Plaintiff allege facts showing that Defendants caused the prosecution itself. To the contrary, the Amended Complaint confirms the charging decisions were made by the State's Attorney, including the decision to dismiss and later refile the charge. *Id.* at ¶¶ 84-97). Absent allegations that officers fabricated evidence or improperly influenced the prosecutor, independent prosecutorial judgment breaks the causal chain as a matter of law.

Because Plaintiff has failed to allege any underlying constitutional violation, his *Monell* claim fails at the threshold and must be dismissed. *Heller,* 475 U.S. at 799; *Sallenger v. City of Springfield,* 630 F.3d 499, 505 (7th Cir. 2010).

2. *Plaintiff Fails to Plead a Municipal Policy, Custom, or Deliberate Indifference.*

Even if Plaintiff had alleged an underlying constitutional violation, his *Monell* claim would still fail because he does not identify a municipal policy, custom, or decision by a final policymaker that caused the alleged deprivation. Plaintiff alleges, in conclusory fashion, that the City failed to train its officers and maintained unconstitutional practices regarding evidence handling and FOIA compliance. (Doc. #15, ¶¶ 167-186). Recitals of a failure-to-train theory, unsupported by factual allegations identifying a specific policy or pattern of similar constitutional violations, are insufficient under federal pleading standards. He does not identify any written policy, ordinance, direction, or decision attributable to a final policymaker. He also does not allege who the final policymaker is for *Monell* purposes or facts showing that any challenged decision was attributable to such an official. *Id.*

Plaintiff attempts to recast his allegations as a failure to train officers regarding statutory elements of firearm-related offenses and the preservation and handling of civilian video evidence. *Id.* However, alleging that officers did not conduct on-scene revenue verification of a liquor establishment or did not interpret video evidence as Plaintiff believes they should have does not plausibly identify a municipal policy or training deficiency. Municipal liability cannot be premised on the theory that officers misapplied state law in a single investigation. *See McCauley v. City of Chicago,* 671 F.3d 611, 616 (7th Cir. 2011).

Plaintiff does not allege facts showing a widespread practice or custom. A *Monell* claim based on custom requires allegations of a pattern of similar constitutional violations that are so

persistent and widespread as to constitute a de facto policy. *See McCauley,* 671 F.3d at 616; *Thomas v. Cook County Sheriff's Dep't,* 604 F.3d 293, 303 (7th Cir. 2010). Plaintiff alleges only his own experience. Allegations of a single incident are insufficient to state a *Monell* claim. *See Grieveson v. Anderson,* 538 F.3d 763, 774 (7th Cir. 2008). The Amended Complaint does not allege facts showing that the City had a policy directing officers to disregard statutory elements, to ignore exculpatory evidence, or to mute body-worn cameras during investigative discussions. At most, Plaintiff alleges disagreement with how officers exercised discretion in a single incident.

Plaintiff also attempts to infer a municipal custom from allegations that portions of body-worn camera audio were muted during investigative discussions and from his dissatisfaction with the City's response to FOIA requests. (Doc # 15, ¶¶ 65, 71, 73, 98-107). These allegations do not plausibly establish a widespread practice or custom. The Amended Complaint does not allege that body-worn camera muting occurred in other cases, that the City maintained a policy encouraging concealment of evidence, or that any final policymaker ratified unconstitutional conduct. Nor does Plaintiff plausibly allege that any FOIA response caused a constitutional deprivation, as disputes over FOIA compliance are governed by state law. Allegations arising from a single investigation, even if taken as true, do not establish the persistent and widespread practice required under *Thomas*, 604 F.3d at 303.

Plaintiff further fails to plead causation. *Monell* liability requires that a municipal policy or custom be the "moving force" behind the alleged constitutional violation. *See Board of County Commissioners v. Brown,* 520 U.S. 397, 404 (1997). Plaintiff does not allege facts showing that any training deficiency, evidence handling practice, or FOIA policy caused his detention, prosecution, or alleged injuries. (Doc. #15, ¶¶ 167-186). His *Monell* theory rests on his

disagreement with investigative and prosecutorial decisions rather than factual allegations linking any municipal policy to a constitutional deprivation. That is insufficient as a matter of law. *See Glisson v. Indiana Department of Correction,* 849 F.3d 372, 379 (7th Cir. 2017).

Plaintiff also fails to allege deliberate indifference. Deliberate indifference requires factual allegations showing that the municipality was on notice of a pattern of constitutional violations and consciously disregarded that risk. *See Connick v. Thompson,* 563 U.S. 51, 61-62 (2011). Plaintiff does not allege prior lawsuits, sustained complaints, disciplinary findings, or other similar incidents involving improper firearm charging decisions, evidence suppression, or body-worn camera manipulation that would have placed the City on notice of a pattern of constitutional violations. His *Monell* allegations instead attempt to bootstrap municipal liability from his claims against individual officers, which the Seventh Circuit has repeatedly rejected. *See Sallenger,* 630 F.3d at 505; *Heller,* 475 U.S. at 799.

In short, even as expanded by amendment, Plaintiff pleads no underlying constitutional violation, no municipal policy or custom, no causation, and no deliberate indifference. His *Monell* claim, therefore, fails as a matter of law and must be dismissed.

**E. <u>Qualified Immunity and the Absence of any Underlying Constitutional Violation Independently Require Dismissal.</u>**

Even if the Court concludes that the Amended Complaint states a debatable constitutional claim, the individual Defendants are entitled to qualified immunity. This case involves a confirmed shooting, a reasonable suspect identified with a firearm, and a brief detention during an evolving investigation that ultimately cleared Plaintiff. (Doc. #15, ¶¶ 15-33, 84-97). Qualified immunity shields officers from civil liability unless the plaintiff shows that the official violated a constitutional right that was clearly established at the time of the alleged conduct. *See Pearson v.*

*Callahan,* 555 U.S. 223, 231 (2009). The doctrine protects "all but the plainly incompetent or those who knowingly violate the law." *See Malley v. Briggs,* 475 U.S. 335, 341 (1986).

As set forth above, the pleaded facts describe officers responding to a confirmed shots-fired incident, encountering a suspect identified by witnesses as armed, and detaining that individual during an active and evolving investigation that ultimately resulted in dismissal by the State's Attorney. (Doc. #15, ¶¶ 15-33, 84-97, 109-113). The Amended Complaint does not plausibly allege any fabrication of evidence, knowing use of false information, or intentional prolonging of detention after probable cause had dissipated. Nor does it plausibly allege that the officers misled the prosecutor or exercised control over the charging decision. On these facts, no constitutional violation is established.

Even assuming that Plaintiff has alleged a constitutional violation, he must still show that the unlawfulness of the officers' conduct was clearly established in a particularized sense at the time of the incident. Qualified Immunity does not ask whether Fourth Amendment principles were clearly established, but whether existing precedent placed the specific conduct at issue beyond debate. *See District of Columbia v. Wesby,* 583 U.S. 48, 67-68 (2018).

Plaintiff also attempts to characterize internal discussion regarding potential "aggravated" charges after he invoked his right to counsel as evidence of constitutional wrongdoing. (Doc. #14, ¶ 70). That allegation does not defeat probable cause. An officer's discussion of potential charges during an ongoing investigation does not create a constitutional violation where probable cause independently exists. Nor does invocation of the right to counsel immunize a suspect from arrest or charging decisions supported by probable cause. The Fourth Amendment prohibits arrests without probable cause; it does not prohibit officers from pursuing charges once probable cause exists, even if a suspect declines to speak.

The Amended Complaint identifies no precedent holding that officers responding to a confirmed shots-fired call violate the Constitution by (1) detaining an armed individual identified by witnesses during an active investigation; (2) declining to immediately credit a suspect's interpretation of video evidence while conflicting witness accounts remain unresolved; (3) making an arrest without conducting on-scene verification of liquor-license revenue classifications or statutory thresholds; or (4) pursuing charges after a suspect involves the right to counsel where probable cause otherwise exists. Nor does Plaintiff identify any authority clearly establishing that internal disagreements among officers or evolving investigative conclusions constitute constitutional fabrication.

Likewise, Plaintiff identifies no clearly established precedent holding that officers violate the Constitution by pursuing charges supported by probable cause after a suspect invokes the right to counsel. The invocation of counsel limits custodial interrogation; it does not eliminate probable cause or bar arrest. No case places beyond debate that discussing or selecting potential charges during an ongoing investigation, in the presence of independent probable cause, violates the Fourth Amendment.

Controlling precedent recognizes that officers may rely on witness statements, make reasonable inferences from evolving facts, and need not eliminate all ambiguity before acting. *See Wesby,* 583 U.S. at 67-68; *Humphrey v. Staszak,* 148 F.3d 719, 726 (7th Cir. 1998); *Askew v. City of Chicago,* 440 F.3d 894, 896-97 (7th Cir. 2006).

The Amended Complaint itself also acknowledges that charging decisions were made by the State's Attorney, including dismissal and refiling. (Doc. #15, ¶¶ 84-97). Officers are entitled to rely on the independent judgment of prosecutors to resolve legal and statutory questions, and the existence of prosecutorial review reinforces that reasonable officers could believe their

conduct was lawful. *See Reed v. City of Chicago,* 77 F.3d 1049, 1053 (7th Cir. 1996). At a minimum, reasonable officers could disagree as to whether the conduct alleged violated the Fourth or Fourteenth Amendments, which is sufficient to entitle them to qualified immunity.

For the same reasons, Plaintiff's failure-to-intervene claim also fails as a matter of law. An officer may be liable for failing to intervene only if another officer violated the Plaintiff's constitutional rights and the officer had a realistic opportunity to prevent that harm. *See Yang v. Hardin,* 37 F.3d 282, 285 (7th Cir. 1994). As previously discussed, Plaintiff has not plausibly alleged any underlying Fourth or Fourteenth Amendment violation. Because Plaintiff has not alleged an underlying constitutional violation, and because the individual Defendants are entitled to qualified immunity in any event, the failure-to-intervene claim necessarily fails.

Even if the Court were to conclude that Plaintiff has alleged a constitutional violation, the absence of clearly established law and the objective reasonableness of the officers' conduct independently require dismissal. Where the legality of an arrest turns on resolving conflicting witness accounts, interpreting evolving video evidence, or applying complex statutory provisions, qualified immunity applies unless precedent squarely governs the specific facts presented. No such precedent is alleged here.

**F. Plaintiff's State Law Claims Either Are Time-Barred or Otherwise Fail on the Merits and Should Not Be Retained.**

Plaintiff also asserts claims arising under Illinois law. To the extent Plaintiff attempts to assert state-law claims for false arrest, false imprisonment, negligence, or other torts arising from his detention or arrests, those claims are subject to a one-year statute of limitations under the Illinois Local Governmental and Governmental Employees Tort Immunity Act. 745 ILCS 10/8-101(a). Under Illinois law, these claims accrue at the time of the arrest or when the plaintiff is detained.

Plaintiff alleges that the events giving rise to this arrest occurred on October 29, 2023. (Doc. #15, ¶¶ 15-33.) He did not file his original action until October 29, 2025 (Doc. # 1), and his Amended Complaint on February 9, 2026. (Doc. #15). Any state-law claims for false arrest, false imprisonment, negligence, or detention-based torts are therefore time-barred as a matter of law.

Plaintiff's state-law malicious prosecution claim fails on the merits for the same reasons discussed in Section A. Plaintiff's Amended Complaint establishes probable cause, confirms independent prosecutorial judgment, and does not plausibly allege malice or improper purpose. Accordingly, even if timely, Plaintiff fails to state a viable malicious prosecution claim under Illinois law. *See Sneed v. Rybicki,* 146 F.3d 478, 480 (7th Cir. 1998)

Because the Amended Complaint fails to state any viable federal claim, the Court should decline to exercise supplemental jurisdiction over any remaining state-law claims pursuant to 28 U.S.C. § 1367(c)(3). The Seventh Circuit has repeatedly instructed that when all federal claims are dismissed at the pleading stage, the appropriate course is to relinquish jurisdiction over state-law claims. *See Wright v. Associated Ins. Cos.,* 29 F.3d 1244, 1251 (7th Cir. 1994).

## V. CONCLUSION

Plaintiff's Amended Complaint describes a lawful police response to a confirmed shooting, a brief detention of a reasonable suspect, and a subsequent charging and dismissal decision made by the State's Attorney. His own allegations establish probable cause, confirm independent prosecutorial judgment, and do not allege fabrication of evidence, false statements, or any trial-based deprivation of liberty.

Plaintiff's attempts to reframe disputes over evidence handling and responses to FOIA requests as federal constitutional violations fail as a matter of law. He likewise fails to plead any

basis for municipal liability, and even if any close constitutional question were presented, Defendants are independently entitled to qualified immunity. Because the Amended Complaint fails to state any plausible federal claim, and because any remaining state-law claims are either time-barred or should not be retained once the federal claims are dismissed, Defendants respectfully request that the Court dismiss the Amended Complaint in its entirety with prejudice.

WHEREFORE, Defendants, CITY OF ROCK ISLAND, and the individually named officers, pray that this Court enter judgment in their favor and against the Plaintiff.

CITY OF ROCK ISLAND; ADAM BRADLEY;
BRIEANNE LONERGAN; ANDREW LAWLER;
THOMAS DANHOF AND BRIAN KOZAK

By: ***/s/ Leslie M. Day***

Leslie M. Day ARDC #6308552
City Attorney, City of Rock Island
Attorney for Defendants
1528 3rd Avenue
Rock Island, IL 61201
Phone: (309) 732-2007
Email: day.leslie@rigov.org

**CERTIFICATE OF COMPLIANCE**

Pursuant to Central District of Illinois Local Rule 7.1(B)(4), the undersigned certifies that this Memorandum of Law in Support of Defendants' Motion to Dismiss to Plaintiff's Amended Complaint contains approximately 6,110 words, as calculated by the word-count feature of Microsoft Word.

CITY OF ROCK ISLAND; ADAM BRADLEY; BRIEANNE LONERGAN; ANDREW LAWLER; THOMAS DANHOF AND BRIAN KOZAK

By: ***/s/ Leslie M. Day***
Leslie M. Day ARDC #6308552
City Attorney, City of Rock Island
Attorney for Defendants
1528 3rd Avenue
Rock Island, IL 61201
Phone: (309) 732-2007
Email: day.leslie@rigov.org

**PROOF OF SERVICE**

I hereby certify that on February 23, 2026, I electronically filed the foregoing with the Clerk of the Court and sent the foregoing document to the following by regular US Mail and electronic mail:

Nico Gay
1841 13th Street
Moline, IL 61265
Nico.gay.ng1@gmail.com

***/s/ Leslie M. Day***
Leslie M. Day ARDC #6308552
City Attorney, City of Rock Island
Attorney for Defendants
1528 3rd Avenue
Rock Island, IL 61201
Phone: (309) 732-2007
Email: day.leslie@rigov.org